UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROCKY KNOLL ESTATES MHC, LLC
AND KENNETH C. BURNHAM,

                            Plaintiffs,          14-CV-06097

              v.                                 **DECISION
                                                 AND ORDER**

C W Capital Asset Management, LLC;
and US Bank, N.A. as Trustee for
Registered holders of Banc of America
Commercial Mortgage Inc., Commercial
Mortgage Pass-Through Certificates, Series
2007-1,

                            Defendants.
_____

## **INTRODUCTION**

    Plaintiffs Rocky Knoll Estates MHC, LLC ("RKE") and Kenneth C. Burnham ("Burnham") (collectively, "plaintiffs") bring this action pursuant to diversity jurisdiction alleging that defendants C W Capital Asset Management, LLC ("CWCAM") and US Bank, N.A. ("US Bank"), Trustee of Banc of America Commercial Mortgage Pass-Through Certificates, Series 2007-1 (the "Trust"), (collectively, "defendants") breached a loan agreement ("the loan agreement") entered into by the parties.

    Specifically, plaintiffs allege that defendants conspired to wrongly assess loan default fees, default interest, and attorney fees to plaintiffs by placing loan payments made in October, November, and December 2011 into a "suspension account," for which there was no provision in the parties' loan agreement. Plaintiffs concede that they defaulted on the loan on September 12, 2011, but

also assert that the default was cured within the period fixed in the loan agreement.

Defendants deny plaintiff's allegations and move this Court for dismissal of the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, defendants contend that the voluntary payment doctrine bars all of plaintiffs' claims, and that, in any event, their actions adhered to the language of the loan agreement. Defendants further contend that claims against CWCAM must be dismissed because CWCAM is not a party to the loan agreement.

For the reasons that follow, defendants' motion is granted to the limited extent that the complaint is dismissed as to the claims against CWCAM, but is otherwise denied.

## BACKGROUND

Plaintiffs Rocky Knoll Estates MHC, LLC ("RKE") and Kenneth Burnham ("Burnham") (collectively "plaintiffs") acquired a mobile home park for senior citizens located in Massachusetts ("the property") by executing the mortgage loan agreement with mortgagee Bank of America ("BOA"). The property was held by RKE and Rocky Knoll West ("RKW") as tenants in common until 2011 when RKE alone desired to sell the property. A partition action was ultimately filed by RKE, and a buy-sell agreement with RKW was signed in November 2011. On December 13, 2011, the loan amount was paid off in its entirety.

Pursuant to section 11.1(o) of the loan agreement, however, if a partition action affecting the property is filed by either borrower, unless the action is dismissed within 45 days of filing or the ownership interest held by the filing borrower is transferred to another borrower within 30 days of filing, "not withstanding the cure period stated herein, Lender shall be entitled to exercise such rights and remedies available to it . . . immediately upon the commencement of such partition action and such cure rights shall end at such time as Lender or its designee acquires title to the Property." Loan agreement, section 11.1(o). Here, because RKE's partition action was not dismissed within 45 days and its property interest was not transferred to RKW within 30 days of the commencement of the action, Section 11.1 (o) of the agreement triggered the partition action into a technical default. Defendants sent a "Notice of Default, Acceleration and Demand for Payment" to plaintiffs on November 15, 2011.  Although the loan was paid in full on December 13, defendants demanded that RKE pay late charges, default interest, and attorneys' fees amounting to $116,357.30, which related, in part, to plaintiffs' default and the suspense account.

In their complaint, plaintiffs contend that pursuant to section 11.1(m) of the agreement, they had 30 days from defendants' November 15, 2011 notice of default to cure the default and that defendants wrongfully assessed the aforementioned fees.  Plaintiffs

assert claims of breach of contract and the implied covenant of good faith, unjust enrichment, and conversion with respect to those fees.  In their motion to dismiss the complaint, defendants assert that: (1) all of plaintiffs' claims are barred by the voluntary payment doctrine; (2) there is no contract between plaintiffs and CWCAM as special servicer of the loan; (3) they complied with the express terms of the loan agreement; and (4) the existence of the written contract precludes findings of unjust enrichment and conversion.  Plaintiffs respond that: (1) they were forced to pay the fees imposed by defendant under duress; (2) CWCAM is liable for breach of the loan agreement as a special servicer who managed the loan; (3) the implied covenant of good faith and fair dealing is not excluded by the loan agreement; and (4) claims of conversion and unjust enrichment are based on allegations that defendants generated artificial fees and penalties.

## DISCUSSION

### I.   Motion to Dismiss Standard

When evaluating a Rule 12(b)(6) motion to dismiss the complaint, a court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for which relief can be granted. *Ferran v. Town of Nassau*, 11 F.3rd 21, 22 (2d Cir.1993), *cert. denied*, 513 U.S. 1014 (1994).  The court may grant a Rule 12(b)(6) motion only

where "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Allen v. WestPoint-Pepperell*, Inc., 945 F.2d 40, 44 (2d Cir.1991), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## II.  **The Voluntary Payment Doctrine.**

The voluntary payment doctrine precludes a plaintiff from recovering payments made with full knowledge of the facts and with a lack of diligence in determining his contractual rights and obligations. *See Spagnola v. Chubb Corp.*, 574 F.3d 64, 72 (2d Cir. 2009), citing *Dillon v. U-A Columbia Cablevision of Westchester, Inc.*, 292 A.D.2d 25, 27-28 (2d Dept. 2002), *aff'd*, 100 N.Y.2d 525 (2003).  The voluntary payment doctrine, however, is an affirmative defense, and, as such, dismissal thereunder is justified only where the defense is apparent on the face of the complaint. *See id.*

Courts have held that the voluntary payment doctrine does not apply when a party makes payments under economic duress or compulsion, *e.g.*, when a party must make payment or face the loss of possession of its property. *See Best Buy Stores, L.P. v. Developers Diversified Realty Corp.,* 2010 WL 4628548, at *3 (D.Minn.2010), *aff'd*, *Best Buy Stores, L.P. v. Benderson-Wainberg Associates, L.P.*, 668 F.3d 1019, 1032 (8th Cir.2012); *Rickenbach v. Wells Fargo Bank, N.A.*, 635 F.Supp.2d 389, 395 (D.N.J.2009) (application of  voluntary payment rule cannot be resolved on a

motion to dismiss where the complaint did not establish that payment was truly voluntary).

In their complaint, plaintiffs allege that defendants' counsel "drafted 4 short letters and then sought, under duress, collusion and coercion, to recover, and did recover, in excess of [$75,000.00] from Plaintiffs." Complaint, ¶ 67.  Under the terms of the agreement, upon the event of a default by an filing an action for partition, plaintiffs faced foreclosure and the immediate obligation to pay the entire debt. *See* loan agreement, section 11.1(o). Defendants contend that the threat of foreclosure does not defeat the voluntary payment doctrine, in the absence of fraud or mistake. Defendants' memorandum of law, p. 3.

Accepting all of the allegations in the complaint as true, and drawing all inferences from those allegations in the light most favorable to the plaintiff, as required, the Court finds that plaintiffs set forth facts supporting its allegation that they paid the allegedly fictitious and unreasonable fees, related to their default, under economic duress and coercion. Consequently, the voluntary payment doctrine does not bar the claims set forth in the complaint.

III. **Breach of Contract**

While "a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). A viable breach of contract claim requires: (1) an agreement; (2) adequate performance of the contract by the plaintiff; (3) breach of contract by the defendant; and (4) damages. *See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir.2004); *Global Crossing Bandwidth, Inc. v. PNG Telecommunications, Inc.,* 2007 WL 174094, at *2 (W.D.N.Y 2007).

In their complaint, plaintiffs first allege that defendants breached the loan agreement by failing to recognize the 30-day cure period provided in section 11.1(m) for "default under any other term, covenant or condition of" the loan agreement. It is section 11.1(o), however, that specifically provides the cure period and conditions for default by partition action. It is undisputed that plaintiffs were in default as a result of the partition action, and, therefore, section 11.1(o) of the loan agreement is applicable, which provides for the cure period stated therein.

However, plaintiffs also allege that defendants violated the loan agreement by assessing unreasonable and fictitious fees related to a "suspense account," an account for which there was no provision or mention in the loan agreement between the parties. Plaintiffs contend that defendants surreptitiously, and without

notice to plaintiffs, applied payments received from plaintiffs while plaintiffs were in default into this suspense account.   US Bank responds that the terms of the loan agreement entitled them to apply any payment received from plaintiffs while they were in default in any manner that the Trust deemed proper. Insofar as the Court finds that the voluntary payment doctrine does not bar the claims set forth by plaintiff in the complaint, defendants' motion is denied as to plaintiffs' claims against defendant US Bank.

**IV.      Claims against CWCAM must be dismissed.**

To prevail on a breach-of-contract claim, a plaintiff must allege the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.

Here, plaintiffs' breach-of-contract claim fails to establish that they had a contract with CWCAM, and their contentions regarding CWCAM's breach consist of vague conclusions based on an alleged pooling and servicing agreement between CWCAM and US Bank. Such an agreement, should it exist, falls well short of establishing a contractual obligation to plaintiffs.   Moreover, plaintiffs have not alleged, nor argued in their opposition to defendant's motion to dismiss, that they were party to a contract between defendants and CWCAM, and the record does not substantiate such a claim. *See Boyd v. J.E. Robert Co.*, 2012 WL 4718823, at *16 (E.D.N.Y.2012), *aff'd*, 765 F.3d 123 (2d Cir.2014), citing *JP Morgan Chase v. J.H. Elec. of N.Y., Inc.*, 69 A.D.3d 802, 893 N.Y.S.2d 237,

239 (2d Dept.2010) (the existence of a contract is an essential element of a breach-of-contract claim).

## **CONCLUSION**

For the reasons set forth above, defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted as to the claims against CWCAM only, but is otherwise denied.

**ALL OF THE ABOVE IS SO ORDERED.**


       s/Michael A. Telesca
        MICHAEL A. TELESCA
      United States District Judge

Dated:    Rochester, New York
          April 13, 2015